## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DISTRICT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **$127,694.00 in U.S. Currency,** | | |
| **$11,450.00 in Canadian Currency,** | : | |
| **and 296 grams of Gold Bullion** | : | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.        This is a civil forfeiture action against U.S. currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. §881(a)(6).

### THE DEFENDANTS IN REM

2.        The defendant property consists of $127,694.00 in U.S. Currency, $11,450.00 in Canadian Currency, and 296 grams of Gold Bullion (hereinafter, the "Defendant Property").

1

3.          The Defendant Property was seized on June 29, 2011 on Route 301 in Galena, Kent County, Maryland from a black Lincoln 4 door passenger car bearing New York registration "T605751C."

## JURISDICTION AND VENUE

5.          Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881.

6.          This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

7.          Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8.          The defendant property is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

9.          The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Kenneth W. Oland Jr., Special Agent of Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows:

1.      That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2.      That a Warrant of Arrest *in rem* issue to the Department of Homeland Security, United States Customs and Border Protection, commanding the arrest of the defendant property;

3.      That Judgment of Forfeiture be decreed against the defendant property;

4.      That upon Final Decree of Forfeiture, the Department of Homeland Security, United States Customs and Border Protection dispose of the defendant property according to law; and

5.      That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

9/4/2012
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $127,694.00 in United States Currency, $11,450 in Canadian Currency, and 296 grams of gold bullion seized on June 29, 2011.

I, Kenneth W. Oland Jr., Special Agent of Homeland Security Investigations, submit that there are sufficient facts to support a reasonable belief that the $127,694.00 in United States Currency, $11,450 in Canadian Currency and 296 grams of gold bullion seized on June 29, 2011 constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On June 28, 2011 at approximately 11:00 p.m., DFC Kettner of the Kent County Sheriff's Office stopped a black Lincoln 4 door passenger vehicle bearing New York registration "T605751C" traveling northbound on Rt. 301 for speeding and not having a rear tag light.

b. The driver of the car was a man, and sitting in the car were five passengers: a man in the front passenger seat, and an older man, a woman, a boy, and a girl in the rear seats.

c. The driver of the car was identified as Jamshad Cheema.

d. Cheema had a New York driver's license listing the address of 323 Ave. C 1st FL Brooklyn, NY 11218.

e. The front passenger was identified as Naseer Ahmed.

f. Ahmed possessed several different forms of identification with different names, birthdates, and addresses. Those pieces of identification included, among others:

    i. Two New York driver's licenses with identification number 162868006 listing the name Naseer Ahmed and a date of birth of January 4, 1978.

    ii. A Quebec license that displayed his name as Naseer Jovinda listing a date of birth as January 4, 1973.

    iii. A passport from the Islamic Republic of Pakistan listing the name Naseer Ahmad Jovinda and a date of birth of 4-1-73.

    iv. Another passport listing the name Naseer Ahmed and a date of birth of January 4, 1978.

g. A vehicle registration from Wawanesa, Montreal, Canada listing the name Naseer Jovinda was also found in the car.

h. By reviewing video of the stop, officers on the scene determined that a semi-transparent bag had been thrown into grass alongside the road by Cheema during the stop.

i. After a consent search of the car's trunk, the following amount of currency was seized from the following containers:

    i. Red teddy bear: $60,000.00 in U.S. Currency in $10,000.00 folded bundles.

    ii. Black pocket book:  $38,000.00 in U.S. Currency and five one ounce pieces of gold.

    iii. Small black pocket book:  $191.00 in U.S. Currency.

    iv. Small brown cloth bag: $6,950.00 in Canadian Currency and $7,000.00 in U.S. Currency.

    v. Semi-transparent bag found along side of road: $4,041.00 in U.S. Currency.

vi. Small brown pocket book:  $7,960.00 in U.S. Currency; four one ounce pieces of gold; one half ounce piece of gold; one 20 gram piece of gold; and one 10 gram piece of gold.

vii. Large black handbag: $10,002.00 in U.S. Currency and $4,500.00 in Canadian currency.

j. In total, $127,694.00 in U.S. Currency; $11,450.00 in Canadian Currency, nine one ounce pieces of gold, one half ounce of gold, one 20 gram piece of gold, and one 10 gram piece of gold was seized from the car.

k. Each of the pieces of gold in the small brown pocket book and black pocket book were in a heavy plastic cover with a printed information sheet detailing each piece of gold with the weight on it.

l. Receipts located with the gold were found as well. Those receipts stated:

i. Cheema purchased 5 gold bars from Sahrash Jewelers of Jackson Heights, NY for $4,825 on March 4, 2009.

ii. Cheema purchased 3 gold bars from AMBA Jewelers of Jackson Heights, NY for $5,310 on May 10, 2011.

iii. A purchase of $2,425.93 in gold from ESHHA JEWELERS of Brooklyn, NY was made on May 12, 2011 by an unknown party.

m. Officers on the scene determined that the red teddy bear and small brown cloth bag contained currency by feeling those items.

n. During the stop, Cheema made the following statements:

i. Cheema said that he lived at 5344 Bucdown Rd Cambridge, MD 21613, a different address than the address listed on his New York driver's license.

      ii.When asked whether there was a large amount of currency in the car, Cheema replied

          that there was not.

      iii.Without being asked a question, Cheema stated "We are not sending money back to

          Pakistan."

      iv.Cheema stated that the money was not connected to drugs.

o.During the stop, Ahmed made the following statements:

      i.Ahmed said that he had a bank account.

      ii.Ahmed explained that he drove one cab and it was the only vehicle that Ahmed

          owned.

      iii.Ahmed said that he did not have any other businesses or jobs.

      iv.Ahmed told the offices that he made approximately $4,000 in one month.

      v.Ahmed said that he had saved the Canadian money because one of Ahmed's friends

          told Ahmed that the value of Canadian money was going up in Pakistan.

      vi.Ahmed said that he thought there was $150,000 US dollars and $6,000 Canadian

          dollars in the car.

      vii.Ahmed explained that there was no one at his home and therefore the group had all

          their money with them.

      viii.Ahmed told the officers that he had forged some of his taxes.

p.Later in the stop, Dfc Davis, Sheriff John Price, Captain Jim Culp, and Sargent Glenn

    Owens, all of the Kent County Sheriff's office, also arrived on the scene.

q.During the stop, a canine scanned the car and the currency for the presence of narcotics.

r.The canine alerted to the presence of narcotics in the car's passenger compartment.

s.The canine also alerted to the presence of narcotics on the currency.

t. After being advised of their Miranda rights, Ahmed and Cheema agreed to be interviewed further at the Ken County Sheriff's Office.

u. During his subsequent interview, when Cheema was asked what the source of the money was, Cheema claimed he did not know but said he believed it was his brother's life savings.

v. During his subsequent interview, Ahmed made the following statements:

    i. Ahmed said that his prior jobs were working at a hotel, working at a convenience store, and delivering pizza.

    ii. Ahmed explained that he had been driving a taxi cab for the last 4 years.

    iii. Ahmed claimed to make between $800 and $1,000 a week for driving the taxi cab.

    iv. Ahmed explained that he was unsure of the amount of money in the car, but thought there was approximately $100,000.

    v. Toward the end of the interview, Ahmed blurted out that he was not trying to avoid taxes and that he was not a terrorist.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE KENT COUNTY SHERIFF'S OFFICE, IN REFERENCE TO THE SEIZURE OF $127,694.00 IN UNITED STATES CURRENCY, $11,450 IN CANADIAN CURRENCY AND 296 GRAMS OF GOLD BULLION ON JUNE 29, 2011 FROM NASEER AHMED ET AL ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Kenneth W. Oland Jr
Special Agent
Homeland Security Investigations

**MEMORANDUM**

DATE:            September 4, 2012

TO:              Paula M. Rigby
                 U.S. Customs and Border Protection

FROM:            Naquita C. Ervin
                 Paralegal Specialist
                 U.S. Attorney's Office - District of Maryland

RE:              **U.S. v. $127,694 in U.S. Currency, $11,450 in Canadian Currency, and
                 296 grams**

                 **Civil Action No.**

                 **CATS ID 11-FBI-000453, 000454, 000455 – 2011-1303-000491-01**

---

The United States has filed a forfeiture action against **$127,694 in U.S. Currency, $11,450 in Canadian Currency, and 296 grams.**    A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

## Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>**$127,694 in U.S. Currency, $11,450 in Canadian Currency, and 296 grams** | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize<br>**2011-1303-000491-01  /  11-ICE-000453, 000454, 000455** |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE  copy to Requester:<br><br>Naquita Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland  21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (Includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property.  Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of  [ X ]Plaintiff<br>[  ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Sep 4, 2012 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | | Date |
|---|---|---|---|---|---|

I hereby Certify and Return That I [  ] PERSONALLY SERVED, [  ] HAVE LEGAL EVIDENCE OF SERVICE, [  ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[  ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [  ]  A Person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service    [  ] AM<br>[  ] PM |
| | Signature, Title and Treasury Agency | |

REMARKS:

TD F 90-22.48 (6/96)